REBECCA E. PRESCOTT *vs.* JOSEPH PRESCOTT and trustees.

Sagadahoc, 1875.—July 27, 1876.

*Debt.   Scire facias.   Amendment.*

Where an execution is returned satisfied by a levy void because the execution does not follow the judgment, the remedy is by debt on the judgment and not by *scire facias.*   The case is not within R. S., c. 76, § 18.

In a libel for divorce, the court decreed $600 in lieu of alimony, and $121.75, costs of suit payable in twenty days, from final adjournment, and $80 for overdue installments; the plaintiff, in an action of debt on a judgment, described it as for $680 debt or damage and $121.75 cost of same suit.   *Held,* that the misdescription was amendable.   *Held* also, where an execution issued on the judgment described in the writ, bore interest from the date of adjournment and was returned satisfied by a levy void for such variance, that debt and not *scire facias* was the proper remedy.

ON REPORT.

DEBT on a judgment recovered August term 1868, for $680 debt or damage and costs $121.75 ; and in a second count debt on another judgment for $24.53 recovered December term, 1871.

To the first count the defendant pleaded *nul tiel record,* and, by brief statement, that the judgment had been fully satisfied by a levy of the execution, issued on the judgment, on the real estate of the defendant, the reception of seizin thereof by the plaintiff and its record in the registry of deeds.

On the second count the defendant filed an offer to be defaulted for $29.

The plaintiff produced the record of the judgment declared on in the first count, from which it appeared that on her libel for divorce from the defendant a decree of divorce was made at the December term of this court, A. D. 1868 ; and the court ordered that the defendant pay to the plaintiff the sum of $20 on the last day of each month thenceforward, until further order of court.

At the next term (April, 1869,) the said Joseph Prescott was brought before the court for contempt of its authority in neglecting to make the monthly payments, and was ordered to be imprisoned until he performed the said order.

At the next (August) term, the court decreed as follows: "And upon further hearing, it is now decreed that, in addition to the

dower in the libelee's real estate to which the libelant is by law entitled, and in addition to the sums heretofore ordered by the court to be paid by the said libelee, the said libelee pay to said libelant instead of alimony the sum of six hundred dollars, and, in default of payment of the same with the costs on this libel legally taxable within twenty days from the final adjournment of this court, that execution issue for the said sum of six hundred dollars and taxable costs, to be levied on the goods and chattels, lands or tenements of the defendant, and in default thereof upon his body.

And the order for monthly payments henceforth ceases. Ordered also, that execution issue for the amount of such of the monthly installments heretofore ordered to be paid by the libelee, as have accrued since his commitment to jail."

Execution issued September 24, 1868, for $680, debt or damage, and costs $121.75, and on the 25th of said September, was levied on real estate in full satisfaction of the same, and the levy was duly recorded with the acknowledgment of the plaintiff of seizin and possession received.

The case was reported to the full court for decision according to the legal rights of the parties.

*F. Adams*, for the plaintiff.

*W. Hubbard*, for the defendant.

LIBBEY, J. This is debt on two judgments, one recovered at the August term, supreme judicial court, 1868, for $680 debt or damage and costs of suit taxed at $121.75 ; the other recovered at the December term, 1871, for $24.50 costs of suit.

The right of plaintiff to recover on the second judgment is admitted.

To the right of plaintiff to recover on the first judgment, the defendant interposes two objections.

I. It is contended that *scire facias*, and not debt, is the proper remedy. R. S., c. 76, §§ 17 and 18, is relied upon in support of this position. By § 17, "a creditor, who has received seizin of a levy not recorded, cannot waive it, unless the estate was not the property of the debtor, or not liable to seizure on execution, or cannot be held by the levy, when it may be considered void, and

he may resort to any other remedy for the satisfaction of his judgment."

By § 18, "when the execution has been recorded, and the estate levied on does not pass by the levy for causes named in the preceding section, the creditor may sue out of the office of the clerk, issuing the execution, a writ of *scire facias*, requiring the debtor to show cause why an alias execution should not be issued on the same judgment; and if the debtor, after being duly summoned, does not show sufficient cause, the levy may be set aside, and an alias execution issued for the amount then due on the judgment, unless during its pendency the debtor tenders in court a deed of release of the land levied on, and makes it appear that the land, at the time of the levy, was and still is his property, and pays the expenses of the levy and the taxable costs of the suit; and the judgment shall be satisfied for the amount of the levy."

In *Grosvenor* v. *Chesley*, 48 Maine, 369, it was decided in a case falling within the provisions of section eighteen that the only remedy is *scire facias*. Is this case within the provisions of that section? We think not. That section contemplates an execution issued upon the judgment, which has been returned satisfied by a levy and recorded. By an examination of the execution in this case, it does not appear to have been issued upon the judgment. The judgment was for $600 in lieu of alimony and costs of suit taxed at $121.75, payable in twenty days after the final adjournment of court and for overdue monthly installments amounting to $80. The executions describes the judgment on which it was issued as for $680, debt or damage, and costs of suit taxed at $121.75, with interest from date of judgment. There is a fatal variance between the judgment rendered, and the judgment described in the execution. For that reason the execution was void. It was an execution issued without any such antecedent judgment as is described in it. The question of the validity of the execution was before this court in *Prescott* v. *Prescott*, 62 Maine, 428, and it was declared void for the reason above stated. There has been no execution upon the judgment introduced by plaintiff and upon which he relies. By an examination of the record of the execution and levy, it does not appear that this judgment was satisfied.

There is no occasion for *scire facias*, to set aside a levy not appearing to be a satisfaction of the judgment, and for an alias execution upon the judgment, there having been no first execution issued upon it. In this case debt is the proper remedy.

II. It is contended that there is a fatal variance between the record of the judgment introduced in evidence, and the one described in the plaintiff's writ, and that for this reason plaintiff cannot recover on the first judgment. We think this objection is well taken. The judgment declared on in the writ is "for the sum of six hundred and eighty dollars, debt or damage and one hundred and twenty-one dollars and seventy-five cents costs of same suit." By this judgment the whole sum was due at the date of its rendition, and would draw interest from that time. By the decree or judgment in evidence, the "$600 in lieu of alimony and the costs of suit were payable in twenty days from the final adjournment, and would not draw interest till after that time; so it is apparent that the judgment in evidence is not correctly set out in the writ. The description of the judgment in the writ is the same as that in the execution upon which the levy was made, and which this court, in *Prescott* v. *Prescott* above cited, held to be a fatal variance. But it is a misdescription which is amendable, and the plaintiff has leave to amend by describing the judgment correctly, upon such terms as the presiding justice at *nisi prius* may determine, and, upon such amendment being made, judgment is to be entered up for plaintiff for both judgments; otherwise for the second judgment only.

APPLETON, C. J., WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.